### No. 216.

### THE STATE OF LOUISIANA VS. H. HILL ET AL.

It is not every error in the rulings of a judge during the progress of the trial that will justify the setting aside of the verdict.

To warrant such action on the part of the court it must be so grave an error as to induce the belief that but for its commission a verdict favorable to the occasion might have been returned.

Where there is a disagreement between the trial judge and the counsel for the accused touching the facts connected with a ruling complained of, and the record does not enable the appellate court to ascertain the exact truth, the statement of the judge appearing in the bill of exceptions or otherwise of record should control the conclusion of the court on the controverted points.

APPEAL from the Eleventh District Court, Parish of Natchitoches. *Pierson*, J.

*D. C. Scarborough* District Attorney, for the State, Appellee.

*Jack & Dismukes* for Defendants and Appellants.

The opinion of the court was delivered by

TODD, J.   The defendants, H. Hill and Noah Cloud, charged with arson, the first as principal and the other as an accessory before the fact, were tried, convicted and sentenced to imprisonment at hard labor, the former for seven years and the latter for ten years.

Cloud alone has appealed.

He complains of two rulings of the trial judge on questions of evidence and presents two bills of exception.

1.   The first bill was taken to the ruling of the court permitting a witness on the stand to be interrogated touching the relations existing between Hill and Cloud sometime previous to the commission of the

offense, and the declaration of the former concerning the failure or insolvency of the latter.

It was competent to prove the relations between these parties and the only part of the interrogations that could under any circumstances be held objectionable, is that calling for the declarations of Hill in regard to Cloud's failure.

The answer of the witness to this question, if answered at all, does not appear in the record and so we have no means of judging whether such answer was in any way prejudicial to the accused, or had any connection whatever with the crime charged. From the argument of the defendants' counsel we may readily infer that there was no such connection, for he characterizes the question as wholly irrelevant and asks what possible bearing it could have had on the commission of the crime.

It is not enough that a question to a witness is objectionable, but to justify the disturbance of a verdict against a person for a grave offense —such as arson—it must clearly appear that the question was intended to call out facts that were wholly inadmissible and that the answer to it would manifestly work to the defendants' injury and prejudice. There is no such showing here, but on the contrary, so far as we can judge from the reasons of the judge given in the bill and the argument of counsel, the question was an idle one, wholly irrelevant and in no way calculated to affect the accused.

We repeat that it is not every error committed by the trial judge during the progress of a prosecution that would authorize a setting aside of the verdict, but it must be an error of such grave import as to reasonably justify the belief that but for its commission a verdict favorable to the accused might have been returned. State vs. Brett, 6 Ann. 658; State vs. Garic, 35 Ann. 974.

2. The second bill was taken to the admission of certain declarations of Hill, the principal in the crime charged, evidently of a damaging character against the defendant Cloud.

From a reading of the bill it would seemingly appear that an objection was made to the admission of such declarations upon the ground that these declarations were made by Hill, co-conspirator with Cloud, after the commission of the offense and after the purpose of the conspiracy had been consummated and the conspiracy itself at an end.

This objection, if made, was a good one and required the rejection of the testimony offered; but we note in the bill of exceptions that the judge in explaining his ruling states positively and unequivocally

that no such objection was made to the testimony and that if it had been made he would have sustained it.

It further appears that this disagreement between the judge and the counsel was caused by the fact that the bill of exception was not prepared and signed during the progress of the trial, and when objections were made to the evidence offered, but after the trial had ended and not then in open court, but in chambers, a very irregular and objectionable practice, which is well calculated to lead to such differences between the judge and counsel.

Following established precedents, we are bound in such cases of disagreement to be governed by the statements of the judge where the record affords no conclusive proof on the subject, as in the instant case.

This disposes of the matters embraced in this appeal; and under the views expressed it is plain that there is no reason to disturb the verdict and sentence complained of.

Judgment affirmed.